**Wen Hao ZENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–5202–AG.**

United States Court of Appeals, Second Circuit.

Feb. 27, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

Jerry Hess, New York, New York, for Petitioner.

Donald W. Washington, U.S. Atty. for the Western District of Louisiana, William mer Attorney General John Ashcroft as the

J. Flanagan, Asst. U.S. Atty., Shreveport, Louisiana, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Wen Hao Zeng ("Zeng"), through counsel, petitions for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") ordering his removal to China and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

We review an IJ's factual findings under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). In order to be eligible for asylum, an applicant must show that he is a refugee by "establishing that he is unable or unwilling to return to [his home country] because he experienced past persecution or has a well-founded fear of persecution on account of" one of five enumerated grounds: "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see Liao v. United States Dep't of Justice*, 293 F.3d 61, 66 (2d Cir.2002).

respondent in this case.

■ The IJ's adverse credibility determination was supported by substantial evidence. First, the IJ reasonably determined that Zeng's description of the events of March 9 was inherently implausible. *See Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (an adverse credibility finding may be based on the inherent implausibility of particular allegations). The IJ was free to question why Zeng could not explain why he chose to abandon his wife and flee from officials after he had punched one of them to protect her. He stated that he would have been arrested if he had stayed in his home, but he had previously stated that his objective was to protect his wife. It was not unreasonable for the IJ to find it implausible that someone who punches a government official in order to protect his wife would flee instantly, leaving four family planning officials behind to apprehend his wife.

Second, the IJ relied upon inconsistencies between Zeng's testimony and his corroborating documents. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000) (although it cannot form the sole basis for an adverse credibility determination, lack of corroborating evidence may bear on credibility). The family planning receipt stated that Zeng and his wife had paid the fine imposed because of the pregnancy, whereas Zeng maintained that his parents had done so. Although it is possible, as Zeng argues, that family planning officials mistakenly named himself and his wife as the payers instead of his parents, the other evidence supporting the adverse credibility determination is so overwhelming that there is no realistic possibility of a different result on remand. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005). In addition, Zeng's registration booklet, dated May 2001, listed him as a member of the family, whereas he was allegedly in hiding and wanted by the government at the time the registration was completed. The IJ could reasonably conclude that it is implausible that the government would register as a member of a household an individual who had been gone for approximately one year and was wanted by the government. Given these inconsistencies, there was substantial evidence to support the IJ's decision to deny Zeng asylum.

Furthermore, even if the IJ erred in finding that Zeng failed to demonstrate persecution because his marriage to his wife was not registered, the petition for review must nevertheless be denied because the IJ's adverse credibility determination is sustainable. *See Cao He Lin,* 428 F.3d at 395.

■ In addition, because Zeng failed to establish eligibility for asylum, the IJ properly denied withholding of removal relief where Zeng's testimony is the only evidence that his "life or freedom would be threatened" if he were returned to China. 8 U.S.C. § 1232(b)(3)(A). Finally, Zeng has waived any objection to the CAT determination by failing to mention it in his brief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir. 2005).

For these reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).